UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| DARRYL CARTER,<br><br>    Plaintiff,<br><br>vs.<br><br>UNITED STATES DEPARTMENT OF JUSTICE,<br><br>    Defendant. | Case No: C 18-02455 SBA<br><br>**ORDER DISMISSING ACTION** |

In March 2018, pro se plaintiff Darryl Carter ("Plaintiff") filed the instant action in the Santa Clara County Superior Court against Defendant United States Department of Justice ("Defendant") under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Dkt. 1-1. Defendant removed the action to this Court. Dkt. 1. As of the filing of its Answer on May 2, 2018, Defendant agreed to produce documents responsive to Plaintiff's FOIA request. Dkt. 7 ¶ 9.

The procedural background of the action is set forth more fully in the Court's prior orders. See Dkt. 20, 26, 35, 45, 55. In pertinent part, on July 6, 2016, Defendant first responded to Plaintiff's FOIA request and produced 30 pages of documents in full along with a cover letter ("Response"). Defendant sent the Response to Plaintiff's mail and email addresses of record; however, Plaintiff claims not to have received the same.[1] On July 26,

---

[1] Until recently, Plaintiff's mailing address of record was a Post Office Box in Palo Alto, California. According to Plaintiff, he ceased using the address in February 2018. He nonetheless failed to file a notice of address change, as required by Civil Local Rule 3-11.

2018, Defendant sent a second copy of the Response to Plaintiff's email address. Again, Plaintiff claims not to have received the same, despite the fact that he continues to send and receive other emails from that address. On July 28, 2018, Defendant inquired whether Plaintiff would like a third copy of the Response, and if so, where it should be sent. Plaintiff did not respond to that inquiry. On August 3, 2018, Defendant thus sent a third copy of the Response to Plaintiff's email address. Defendant requested and received a delivery confirmation for the August 3rd email. Nevertheless, Plaintiff has not acknowledged receipt of the same.

Pursuant to the Case Management Scheduling Order, an initial Case Management Conference ("CMC") was set for August 2, 2018 at 2:45 p.m. Dkt. 15. The Court called the case for an initial CMC at the date and time stated. Defendant appeared; Plaintiff did not. On August 3, 2018, the Court issued an Order to Show Cause ("OSC"), directing Plaintiff to show cause in writing why the action should not be dismissed for his failure to appear at the CMC. Dkt. 35. The Court warned that the failure to comply with the order, including the failure to timely file a written response, would be grounds to dismiss the action without further notice. To date, Plaintiff has not responded to the OSC.

Instead, on August 4, 2018, he filed a motion for preliminary injunction. Dkt. 36. By his motion, Plaintiff sought the immediate release of all documents responsive to his FOIA request "via electronic means i.e., email." Dkt. 36-2. Plaintiff expressly stated that he is aware of this Court's meet-and-confer requirement but chose not comply with the same, arguing that, "with all due respect to whatever aims such order seeks to achieve, said order is certainly more harmful than helpful given the facts of this case." Dkt. 36 at 15.[2]

---

[2] Plaintiff has twice moved for a preliminary injunction. Dkt. 16, 36. The first such motion, filed June 27, 2018, was later withdrawn. Dkt. 19, 20. Nevertheless, Plaintiff appealed the order granting his motion to withdraw. See Case No. 18-16314. On August 23, 2018, the Ninth Circuit dismissed that appeal for lack of subject matter jurisdiction, noting that "the order challenged in the appeal is not final or appealable." Dkt. 63. As discussed in greater detail above, the Court denied Plaintiff's second motion due to his failure and refusal to comply with the Court's meet-and-confer requirement. Dkt. 45. Plaintiff has appealed that order as well. See Case No. 18-16521.

On August 8, 2018, the Court issued an order denying Plaintiff's motion for a preliminary injunction due to his failure and refusal to meet and confer ("8/8 Order"). Dkt. 45.[3] The Court explained that the meet-and-confer requirement is essential to ensure that there is, in fact, a dispute requiring judicial intervention, and to conserve the limited time and resources of the Court and the parties by obviating the filing of unnecessary motions. The Court directed the parties to meet and confer regarding the sufficiency of the Response and provided precise instructions to facilitate that process. Specifically, Plaintiff was to file a statement providing a current mail and/or email address where he would like Defendant to deliver the Response. Defendant was then to deliver another copy of the Response to the mail and/or email address provided. Thereafter, the parties were to meet and confer via telephone, and Plaintiff was to file a statement certifying his compliance with the 8/8 Order. The Court warned Plaintiff that the "**failure to FULLY comply**" with the order, and each directive therein, would result in the dismissal of the action without further notice. Id.

As set forth more fully in the Court's order dated August 15, 2018 ("8/15 Order"), Plaintiff did not fully or timely comply with the 8/8 Order. Dkt. 55. He belatedly provided Defendant a current mailing address in the Philippines, however. Defendant promptly sent a fourth copy of the Response to Plaintiff's address in the Philippines via FedEx using the highest delivery option for the earliest possible delivery date. Defendant also sent another copy of the Response to Plaintiff's email address. Defendant requested and received a delivery confirmation for that email. Having been apprised of these developments, the Court ordered Plaintiff to participate in the meet and confer, as previously ordered, by

---

[3] The Court's Standing Orders for Civil Cases requires the parties to meet and confer prior to filing any motion or request. Standing Order No. 4 provides:
  **Meet and Confer Requirement.** All parties *shall* meet and confer before filing any motion or other non-stipulated request. Any motion or request shall include a certification, which may be submitted separately or included in the body of the document, that the parties have complied with the meet and confer requirement. The Court may disregard and/or strike any papers submitted that do not comply with this rule.

August 17, 2018. The Court acknowledged that Plaintiff had not yet received the FedEx package, but noted that he had also been sent the Response by email. The Court thus ordered Plaintiff to "cooperate with Defendant's meet and confer efforts and make himself available at the time(s) specified." Id. Again, the Court warned that the "**failure to FULLY comply**" with the order, including the failure to meet and confer as directed, would result in the dismissal of the action without further notice. Id.

On August 17, 2018, Plaintiff filed a Notice of Meet and Confer Had on 08/17/18 @ 4:30 P.M. PT, wherein he states that the FedEx package was not delivered as of the time of the parties' call. Dkt. 60. Plaintiff refused to meet and confer substantively prior to his receipt of the FedEx package. As a result, the parties ended the call with the understanding that further meet and confer discussions would take place on or about August 20, 2018, when the FedEx package was scheduled for delivery. Although Defendant attempted to discuss other matters, "Plaintiff advised that such as discussion was not in scope as the purpose of this so-called 'meet and confer' was to discuss the FOIA issues, irreparable harm, and subsequent damages related thereto." Id. "The call was terminated at that time." Id. According to Plaintiff, "it is overwhelmingly obvious that this is a sham at best and defendant is only interested in avoiding the facts, issues and in conjunction, with the district court, attempting to stave off the, herein, specified appeals case, i.e., protecting themselves at plaintiff's expense." Id.

On August 20, 2018, Defendant filed a notice confirming that the parties spoke by phone on August 17, and that the call was terminated because Plaintiff had not received the FedEx package. Dkt 61. The notice further provides that the FedEx package is now scheduled for delivery on August 25, 2018. Id. Thereafter, defendant filed a supplemental notice. Dkt. 62. According to the supplemental notice, FedEx has informed Defendant that "*Plaintiff requested the change in delivery of that package from August 20 to August 25, 2018!*" Id. (emphasis in original). The supplemental notice adds that, in the meantime, Plaintiff has filed yet another "emergency motion" in the Ninth Circuit seeking a preliminary injunction. Defendant asks that the Court take "appropriate action," including

- 4 -

dismissal of the action and/or certification that Plaintiff's appeals are frivolous. Id.[4] Finally, on August 28, 2018, Defendant filed a status report, advising that the FedEx package has now been delivered. Dkt. 64. Subsequent to delivery, Defendant attempted to meet and confer by telephone, but received an automated message indicating that calls cannot be completed to the number provided by Plaintiff. Id. By email, Plaintiff acknowledged receipt of the FedEx package, but refused to meet and confer regarding the sufficiency of the Response, which he describes as "worthless garbage." Id.

Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action, sua sponte, for a plaintiff's failure to prosecute or comply with the rules of civil procedure or a court order. Hells Canyon Pres. Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992). In deciding whether to dismiss an action under Rule 41(b), the Court must weigh the following five factors: (1) the public's interest in expeditious resolution of litigation; (2) the need to manage its own docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. Ferdik, 963 F.2d at 1260-61.

As Plaintiff was previously advised, the Court is troubled by his conduct in this action, and recent events have only exacerbated these concerns. Plaintiff has failed to: (1) comply with the Court's meet-and-confer requirement; (2) provide current contact information; (3) appear for a scheduled case management conference; (4) respond to the Court's order to show cause; or (5) fully comply with the 8/8 and 8/15 Orders.

Although Plaintiff provided an email address of record and has indisputably received emails at this address, he purports not to have received (or fails to acknowledge receipt of) Defendant's *four* emails transmitting the Response. This is implausible, particularly in light of the delivery confirmations requested and received by Defendant. Following the

---

[4] The Court notes that it certified Plaintiff's initial appeal—Case No. 18-16314—as frivolous in its order denying Plaintiff's motion to proceed in forma pauperis on appeal. Dkt. 26. Plaintiff has not moved to proceed in forma pauperis on his subsequent appeal—Case No. 18-16521.

parties' unsuccessful telephonic meet and confer session on August 17, 2018, Defendant asked Plaintiff to confirm whether he received the emails transmitting the Response and could open the attachments thereto. Plaintiff did not respond to those questions, but rather, took the untenable position that he: (1) will engage in no further meet and confer discussions until he receives the FedEx package, which *he* rescheduled for a *later* delivery; and (2) intends to "move forward with expediting [his] preliminary injunction appeal." Dkt. 61-1, Ex. A. Finally, even after delivery of the FedEx package, Plaintiff has refused to meet and confer with Defendant regarding the sufficiency of the Response, in contravention of the 8/8 and 8/15 Orders.

Plaintiff continues to litigate the action in this Court and the Ninth Circuit; however, his conduct appears designed, not to facilitate a speedy resolution, but rather to impede it. Given Plaintiff's implausible denials regarding receipt of the Response sent to his email address of record, coupled with his egregious behavior in delaying delivery of the FedEx package, the Court is persuaded that Plaintiff has deliberately obstructed the administration of justice in this action. Although the purported goal of the litigation is to obtain documents responsive to his FOIA request, Plaintiff has continually thwarted the successful transmission of the Response (and failed to acknowledge receipt of the same), which Defendant first attempted to deliver on July 6, 2018, and ultimately delivered on four separate occasions. Moreover, even after receipt of the FedEx package, Plaintiff has refused to meet and confer regarding the sufficiency of the Response, as ordered by the Court. This constitutes a waste of judicial resources, as well as those of Defendant.

In view of the foregoing, the Court finds that the factors set forth above support dismissal of this action. The public's interest in the expeditious resolution of litigation and the need to manage the Court's docket weigh heavily in favor of dismissal. Plaintiff's numerous filings and obstructionist tactics have taken up an inordinate amount of the Court's time, particularly when measured against their general lack of merit. Indeed, Defendant agreed to produce and repeatedly transmitted the documents responsive to Plaintiff's FOIA request. Defendant and the Court have gone to extraordinary lengths to

ensure delivery of the Response, despite the implausibility of Plaintiff's sustained denial of receipt. Despite all of those efforts, Plaintiff has refused to meet and confer regarding the sufficiency of the Response, even after delivery of the FedEx package.

Prejudice to Defendant also supports dismissal. See Von Poppenheim v. Portland Boxing & Wrestling Comm'n, 442 F.2d 1047, 1054 (9th Cir. 1971) ("Somewhere along the line, the rights of the defendants to be free from costly and harassing litigation must be considered."). Notwithstanding its production of the Response, Defendant has had to continue responding to Plaintiff's frivolous filings and to contend with his obstructionist conduct, including the failure to provide current and serviceable contact information and the refusal to meet and confer.

The public policy favoring a disposition on the merits necessarily weights against dismissal. However, this factor alone does not outweigh the other factors. See Ferdik, 963 F.2d at 1263 (holding that, even if two factors weighed against dismissal, "they would not outweigh the other three factors that strongly support dismissal") (citing Malone v. United States, 833 F.2d 128, 133 n.2 (9th Cir. 1987) (holding that four factors heavily supporting dismissal outweighed one against dismissal)). Moreover, Plaintiff's conduct, including his refusal to acknowledge receipt of the Response or to meet and confer regarding its sufficiency, have impeded the Court's ability to dispose of the action otherwise.

Finally, with respect to the availability of less drastic alternatives, the Court has already employed such options, to no avail. The Court previously issued an order to show cause why the action should not be dismissed, but Plaintiff failed to respond to the same. The Court has issued detailed orders in an attempt to ensure Plaintiff's receipt of the Response and facilitate the meet and confer process. Plaintiff has failed to comply with those orders. The Court has, on at least three occasions, warned Plaintiff that the failure to comply with its orders would result in the dismissal of the action without further notice. Plaintiff has not taken heed of these warnings. Accordingly,

IT IS HEREBY ORDERED THAT the instant action be DISMISSED with prejudice. The Court certifies that any appeal taken from this order is not taken in good

1 | faith within the meaning of 28 U.S.C. § 1915(a)(3).  Plaintiff may file a motion to proceed
2 | IFP on appeal before the Ninth Circuit.  <u>See</u> Fed. R. App. P. 24(a)(5).  The Clerk shall close
3 | the file and terminate any pending matters.

4 |     IT IS SO ORDERED.

5 | Dated: 08/31/2018

*signature*
SAUNDRA BROWN ARMSTRONG
Senior United States District Judge